

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-5-2005

# Ocel v. Metro Life Ins Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2420

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Ocel v. Metro Life Ins Co" (2005). *2005 Decisions.* Paper 1392.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1392

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 04-2420

MARY A. OCEL,

Appellant

v.

METROPOLITAN LIFE INSURANCE CO.;
GEORGE M. KENDRICK

Appeal from the United States District Court
for the Western District of Pennsylvania
(Civ. No. 01-cv-00076)

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 11, 2005

Before: NYGAARD, McKEE,
and RENDELL, *Circuit Judges*.

(Filed: April 5, 2005)

―――――――――

OPINION

―――――――――

McKEE, *Circuit Judge*.

Plaintiff-Appellant Mary Ocel appeals the district court's grant of summary

judgment in favor of the Defendant-Appellee Metropolitan Life Insurance Company

("Metlife"), with respect to her claims under the Unfair Trade Practices Act ("UTPCPL")

1

as well as her common law claims for fraud and deceit, negligence, and negligent supervision.

Because we write only for the parties, it is not necessary to recite the facts of this case in detail. We will therefore only briefly summarize the facts in determining if the pleadings, discovery and uncontested facts establish that Metlife is entitled to judgment as a matter of law when viewed in the light most favorable to Ocel, the nonmoving party. Fed.R.Civ.P. 56(c).

Ocel purchased a Metlife insurance policy in 1958. In 1990, Metlife Agent, George Kendrick, sold her a new policy. During their discussions he represented that, after fifteen years, Ocel would no longer have to pay the policy's premiums. Rather, the premium payments would be covered by dividends or cash value from her existing 1958 policy. Notwithstanding the misrepresentations that Kendrick made, Ocel's written insurance contract for her 1990 policy explicitly stated that the premiums would be payable for forty-eight years.

In 1994, the Pennsylvania Insurance Department found that sales presentations like the one used by Agent Kendrick constitute a deceptive business practice, in violation of state insurance laws and regulations. Accordingly, Ocel received a letter from Metlife in 1994 informing her that she may not have understood the transaction and offering to rescind her new policy and refund her premiums in exchange for a general release. Ocel testified that, although she understood that the letter applied to her 1990 policy, she did

2

not contact Metlife for more information, nor did she consult with anyone else to determine how to respond to the letter.

In 1995, the first in a group of class action suits was filed against Metlife. Those suits eventually settled. Ocel opted out of the settlement in 1999 and thereafter filed this litigation.

In its Opinion and Order, granting summary judgment to Metlife, the district court fully and adequately explained why Metlife was entilted to summary judgment under Fed. R. Civ. P. 56 on Ocel's UTPCPL claims, and why her claims for misrepresentation were time-barred. It is not necessary for us to add to the district court's careful analysis simply to reach the same results.

Accordingly, we will affirm substantially for the reasons set forth in the district court's Opinion and Order.